UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


RONALD V. JOHNSON,

      Plaintiff,

      v.                                07-CV-3006

BRIAN THOMAS,
MR. WINK,
MAIL LADY PERSONNEL,
MRS. GASTON,
MRS. DOBEAIR,

      Defendants.

### Order on Petition to Proceed In forma Pauperis

The plaintiff is civilly detained at Rushville Detention and Treatment Center.  He has filed a petition to proceed *in forma pauperis* on this lawsuit.  A court must dismiss cases proceeding *in forma pauperis* at any time if the court determines that the action fails to state a claim.  28 U.S.C. § 1915(e)(1).  Accordingly, the court will grant leave to proceed *in forma pauperis* only for cognizable claims.

The plaintiff's *pro se* complaint is liberally construed, taking his allegations as true and drawing all reasonable inference in his favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

The plaintiff  alleges that he was not allowed to mail a package to Oprah Winfrey, cash on delivery.  He says Ms. Winfrey is his manager and he needs to send her a demo tape.  The allegation that Ms. Winfrey is the plaintiff's manager is obviously delusional.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Moreover, the court knows of no constitutional violation in a rule refusing to allow mail to be sent "cash on delivery."  *See Turner v. Safley*, 482 U.S. 78, 89 (1987)(right to send and receive mail may be circumscribed by restrictions that are "reasonably related to legitimate penological interests.").  The plaintiff also alleges that his property has been stolen.  Wrongful confiscation of property does not state a *federal* claim.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984).

However, the plaintiff seems to allege that his outgoing mail, including legal mail, is being stopped, and his incoming mail is not being delivered.  More facts are needed to determine the constitutional viability of this claim, including the extent to which the present defendants

1

were personally responsible for the mail rules and the handling of the plaintiff's mail.  *See Thornburgh v. Abbott*, 490 U.S. 401 (1989)("Prison inmates and pretrial detainees have a constitutional right to send and receive mail while incarcerated).  It may well be that legitimate reasons support the alleged restrictions on incoming and outgoing mail, but it would be premature to make that determination.  Accordingly, the plaintiff will be allowed to proceed in forma pauperis on his mail claim.  The plaintiff is warned, however, that  "mail lady personnel" is not enough information to direct service.  The plaintiff must provide the name or names of the "mail lady personnel" in order for service to be directed.  Failure to do so will result in dismissal of the "mail lady personnel,"  without prejudice.

IT IS THEREFORE ORDERED:

1)      The plaintiff is granted leave to proceed *in forma pauperis* (d/e 1).

2)      Defendant Wink is dismissed, as the plaintiff makes no cognizable federal claim against him.

3)      This case proceeds solely against defendants Thomas, Gaston, Dobeair, and the "mail lady personnel" on the plaintiff's claim of unconstitutional infringement on his right to send and receive mail.  All other claims are dismissed for failure to state a federal claim.

4)      By February 19, 2007, the plaintiff is directed to provide the name(s) and work address(es) for the "mail lady personnel," or to show good cause why he cannot do so.  Failure to comply will result in dismissal of the "mail lady personnel" from the case, without prejudice.

5)      This case is referred to the Magistrate Judge for entry of a Scheduling Order.

6)      The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this order.

Entered this 25th   Day of January, 2007.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2